UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Logsdon,

    Plaintiff,

vs.

DIY Holster, LLC; John Farnlacher; Michael Goerlich; and Doston Burton

    Defendants.

No. _____

**COMPLAINT**

COMES NOW Plaintiff, Robert Logsdon ("Plaintiff"), individually, and by and through the undersigned attorney and sues the Defendants, DIY Holster, LLC ("Defendant DIY Holster"), John Farnlacher ("Defendant Farnlacher"), Michael Goerlich ("Defendant Goerlich") and Doston Burton ("Defendant Burton"), (collectively, "Defendants"), and he alleges as follows:

## **PARTIES**

1. At all material times, Plaintiff is an individual residing in Lorain County, Ohio.

2. At all material times, Defendant DIY Holster was a corporation duly licensed to transact business in the State of Ohio. Defendant Metro Design does business, has offices, and/or maintains agents for the transaction of its customary business in Lorain County, Ohio.

3. At all relevant times, Plaintiff was an employee of Defendant DIY Holster. At all relevant times, Defendant DIY Holster, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and

-1-

fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant DIY Holster. In any event, at all relevant times, Defendant DIY Holster was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

4. At all relevant times, Defendant Farnlacher owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant DIY Holster. At all relevant times, Defendant Farnlacher had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant DIY Holster. In any event, at all relevant times, Defendant Farnlacher was an employer subject to the FLSA and employed Plaintiff.

5. At all relevant times, Defendant Goerlich owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant DIY Holster. At all relevant times, Defendant Goerlich had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant DIY Holster. In any event, at all relevant times, Defendant Goerlich was an employer subject to the FLSA and employed Plaintiff.

6. At all relevant times, Defendant Burton owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant DIY Holster. At all relevant times, Defendant Burton had the authority to hire and fire employees, supervised and

controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant DIY Holster. In any event, at all relevant times, Defendant Burton was an employer subject to the FLSA and employed Plaintiff.

7. Upon information and belief, Defendants were and continue to be residents of Lorain County, Ohio.

8. At all relevant times, Plaintiff was an "employee" of Defendant DIY Holster, Defendant Farnlacher, Defendant Goerlich and Defendant Burton as defined by 29 U.S.C. § 203(e)(1).

9. The provisions set forth in 29 U.S.C. § 207(a) of the FLSA apply to Defendant DIY Holster, Defendant Farnlacher, Defendant Goerlich and Defendant Burton.

10. At all relevant times, Defendant DIY Holster, Defendant Farnlacher, Defendant Goerlich and Defendant Burton were and continue to be employers as defined by 29 U.S.C. § 203(d).

11. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

12. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## BACKGROUND

15. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a).

## NATURE OF THE CLAIM

16. Defendants own and/or operate DIY Holster, LLC., an enterprise located in Lorain County, Ohio.

17. Plaintiff was employed by Defendants from approximately January 1, 2013, through approximately July 22, 2016, as a shipping clerk. At all relevant times, Plaintiff was non-exempt from the FLSA's overtime requirements.

18. For the entire duration of Plaintiff's employment with Defendants, Defendants had a consistent policy and practice of requiring Plaintiff to work well in excess of forty (40) hours per week without paying him one and one-half times his regular rate of pay for all hours worked over forty (40) hours per week.

-4-

19. As a result of Defendants' failure to pay one and one-half times his regular rate of pay to Plaintiff for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

## **FACTUAL BACKGROUND**

20. Defendants hired Plaintiff on or about January 1, 2013 as a shipping clerk.

21. Defendants' employment of Plaintiff concluded on or about July 22, 2016.

22. Plaintiff was a non-exempt employee.

23. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of his overtime hours. During this time, Plaintiff worked approximately sixty (60) hours per week.

24. Plaintiff was not a manager. Plaintiff did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

25. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

26. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

27. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage

requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

28. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE AND/OR REFUSAL TO PAY OVERTIME

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

30. In a given workweek, and during each and every workweek, during which Plaintiff was employed by Defendants, Plaintiff regularly and consistently worked approximately twenty (20) hours of overtime per week, and Defendants did not pay Plaintiff one and one-half times his regular rate of pay for such time worked.

31. For example, and upon information and belief, during the workweek of February 7, 2016, Plaintiff was scheduled, and worked, for more than 40 hours. Defendants failed and/or refused to compensate Plaintiff at one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours.

32. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

33. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207(a).

34. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of his employment, Plaintiff believes that such information will

become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

35. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

36. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times Plaintiff's regular rate of pay for all time spent performing labor for Defendants in excess of his regular 40-hour workweek.

37. As a result of Defendants failure or refusal to pay Plaintiff a wage equal to one and one-half times Plaintiff's regular rate of pay for work Plaintiff performed for Defendants in excess of his regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one and one-half times his regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

38. **WHEREFORE**, Plaintiff, Robert Logsdon, individually, requests that this Court enter Judgment against Defendants DIY Holster, LLC; John Farnlacher; Michael Goerlich; and Doston Burton, in his favor:

    a. Awarding Plaintiff overtime compensation in the amount due to him for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount

      equal to one and one-half times Plaintiff's regular rate of pay while working at DIY Holster, LLC.

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 18th Day of October, 2016.

By:    */s/ James L. Simon*
        James L. SIMON (OH# 0089483)
        6000 Freedom Square Drive
        Freedom Square II – Suite 165
        Independence, Ohio 44131
        Telephone: (216) 525-8890
        Facsimile: (216) 642-5814
        Email: jameslsimonlaw@yahoo.com

|   |   |
|---|---|
| By: | /s/ *Clifford P. Bendau, II* |
|   | Clifford P. Bendau, II (OH# 0089601) |
|   | Christopher J. Bendau |
|   | THE BENDAU LAW FIRM PLLC |
|   | P.O. Box 97066 |
|   | Phoenix, Arizona 85060 |
|   | Telephone AZ: (480) 382-5176 |
|   | Telephone OH: (216) 395-4226 |
|   | Facsimile: (602) 956-1409 |
|   | Email: cliffordbendau@bendaulaw.com |
|   | chris@bendaulaw.com |

*Counsel for Plaintiff*